THE FIRST NATIONAL BANK OF VILLISCA v. THURMAN.

1. **Contract**: FORFEITURE: PLEADING: REMOTE DAMAGES. Defendant agreed in writing with plaintiff to erect a building of certain dimensions, by a stated time, on a designated lot, and, in case of failure, to pay plaintiff $500 forfeit, provided plaintiff should build a banking-house on the opposite side of the street. Defendant failed to build, but plaintiff erected a banking-house at the place designated, at a greater expense than it would have done but for the contract, and it now seeks to recover the forfeit as stipulated damages. *Held* that, as the petition did not allege that plaintiff, but for the contract, would have erected its banking-house elsewhere, and as it was not obliged by the contract to erect a house of any designated cost or description, and as the alleged diminution of the value of its house by reason of defendant's failure to build was too speculative to be recovered in damages, a demurrer to the petition was properly sustained.

*Appeal from Montgomery Circuit Court.*

WEDNESDAY, DECEMBER 16, 1885.

ACTION at law upon a written contract. A demurrer to the petition was sustained, and, plaintiff standing upon his petition, judgment was entered for defendant. Plaintiff appeals.

*F. P. Greenlee, S. McPherson, C. E. Richards* and *F. M. Davis*, for appellant.

*W. S. Strawn* and *W. H. Redmon*, for appellee.

BECK, CH. J.—I. The petition, after alleging the corporate character of plaintiff, proceeds to state its cause of action in the following language: "That July 10, 1882, defendant executed and delivered to plaintiff his written contract, in words following, viz.:

"'VILLISCA, IOWA, July 15, 1882.

"'I hereby agree to build (or cause to be built) on lot 244, in Villisca, Iowa, a good, substantial brick building, forty feet wide and eighty feet long, two stories high, and to be completed during the year 1883, and, in case of failure to build by the time specified, I hereby agree to pay the directors of the First National Bank of Villisca, Iowa, the sum of five hundred dollars, (forfeit,) provided, the said bank shall build a banking-house on the opposite side of the street, on lot No. —. M. S. THURMAN.'

"That said bank did, at great expense, build a banking-house on said lot No. —, in said town of Villisca, the said lot being on the opposite side of the street from said lot 244, and completed and occupied the same in the early part of the year 1883, and have ever since occupied the same as a bank. Defendant has wholly failed and neglected to comply with the terms of said contract. He has neither built, nor caused to be built, a building on said lot 244, and has wholly failed to

pay to plaintiff said sum of five hundred dollars, or any part thereof; that said contract, when so made, was made for the use and benefit of plaintiff, and at all times since its execution has been the property of plaintiff. By reason of said contract, and wholly relying thereon, plaintiff, at great expense, and at more additional expense than the amount mentioned in said written contract, —than would have built their bank elsewhere,—did build · their bank at the place aforesaid mentioned. By reason of the failure and refusal to build said building by defendant, plaintiff has been damaged by reason of said expense, and the depreciation, or loss in value, of plaintiff's building than it would be in value if defendant had erected his said building, in more than five hundred dollars; that said parties intended to make said stipulation of five hundred dollars forfeit as that much stipulated damages." Plaintiff asks judgment for five hundred dollars, interests and costs.

The demurrer to the petition is in the following words: "(1) The pretended contract is void, it not being within the scope or powers of a national bank to make or enter into such a contract. (2) The petition shows upon its face that it is an action brought upon a pretended contract which is against public policy, contrary to the law, and void. (3) Here are no statements or allegations of facts in said amended and substituted petition, or the amendment thereto, constituting a claim for damages on a contract of forfeiture, and said pleading states no facts showing a right to recover."

II. Without consideration of the first and second grounds of the demurrer, we reach the conclusion that it was rightly sustained upon the third. As we understand the petition, plaintiff seeks to recover upon two grounds, namely: (1) The banking-house cost plaintiff more than it would have cost if built elsewhere. (2) The house, after its construction, is of less value than it would have been had defendant erected the building in accord with his agreement.

III. The petition does not allege that the plaintiff would

have erected the banking-house at another place, and that the contract with defendant induced it to change the place of building. It is not shown that the house was under contract, to be of any fixed value. The plaintiff, it is shown, was induced by the contract to build, but it does not appear that the expense of the building was a matter contemplated by the parties. The alleged increased expense of the building is not an element of damage, under the contract.

IV. The damage claimed on the ground of the diminished value of the banking-house is extremely uncertain, remote and speculative, and, on account of this character, is not recoverable in an action on the contract. We are unable to discover how the damages claimed by plaintiff, by reason of the loss on the value of his house, could be determined, except by the most vague estimate, based upon speculation as to possible diminution of business, and the like.

We reach the conclusion that the judgment of the circuit court ought to be

AFFIRMED.