WILSON v. YOCUM.

1. Vendor and Vendee: FAILURE OF CONSIDERATION: INSTANCE. Plaintiff deeded lands to defendant in consideration of defendant's deeding to him other lands, and of defendant's promise to erect valuable improvements on his other lands adjoining those deeded to plaintiff, whereby those deeded would be enhanced in value. *Held* that a failure to make such improvements was a failure of consideration for which plaintiff could maintain an action.

2. ———: FALSE REPRESENTATIONS: INSTANCE. Defendant induced plaintiff to make an exchange of lands with him by falsely representing that a railroad was about to be built with a depot near the lands deeded to plaintiff, and that the railroad company had purchased a large tract of land lying near to the land so conveyed, and that he had his information from the manager of the road. *Held* that these representations were not the mere statements of opinion, but the assertion of pretended facts, and that an action would lie for the recovery of the damages sustained by the fraud. (See opinion for citations.)

3. ———: FAILURE OF CONSIDERATION: SPECULATIVE DAMAGES: WHAT ARE NOT. Where defendant exchanged real estate with plaintiff, and as a part of the consideration for the land deeded by plaintiff he agreed to make certain valuable improvements upon lands adjoining those conveyed to plaintiff, but failed to do so, and plaintiff, in an action to recover for the failure, alleged that the lands conveyed by him were worth eight thousand dollars, and that the lands conveyed to him, with the improvements made as agreed, would have been worth eight thousand dollars, but without them were worth only three thousand dollars, *held* that his damages, as shown by his petition, were actual and not speculative, and that an action would lie therefor. (*McDole v. Purdy*, 23 Iowa, 278, *followed; First Nat. Bank v. Thurman,* 69 Iowa, 693, *distinguished.*)

*Appeal from Plymouth District Court.*—HON. SCOTT
M. LADD, Judge.

FILED, MAY 20, 1889.

ACTION at law to recover on account of the partial
failure of the consideration of a contract to convey lands,
and for fraudulent representations inducing the contract.
A demurrer to the petition was sustained.   Plaintiff
appeals.

*Martin & Gaynor*, for appellant.

*Argo & McDuffie*, for appellee.

BECK, J.—I.   In view of the fact that questions in
the case involve the sufficiency of the petition, it becomes
necessary to set it out quite fully.   The parts material
to the decision of the case are in these words :   " Comes
now the plaintiff, and for cause of action says that on
or about the first day of August, 1887, the plaintiff and
the defendant herein entered into a verbal agreement,
by the terms of which plaintiff agreed to convey to
defendant certain real property situated in Plymouth
county, Iowa, to-wit :   * * *   That the defendant, in
consideration therefor, agreed to convey to the plaintiff
the following described real estate, in the town of
Lucerne, in the county of San Diego, California, to-wit :
* * *   And, as further consideration for the land
agreed to be conveyed to him by plaintiff, promised and
agreed to make improvements on land owned by him in
the vicinity of the property so agreed to be sold to plain-
tiff, to-wit :   To cause to be erected a large nail factory,
terra-cotta works, a large hotel building, and to build a
large building, in which would be opened a bank, with
a capital of one hundred thousand dollars; and to erect,
and to cause to be erected, many other large and sub-
stantial buildings on land then owned by him, the said
defendant, in the immediate vicinity of the said lots, the
erection of which would have very materially increased

the value of the said lots so sold to plaintiff; and further represented and agreed, as an inducement to said contract, that a railroad company had selected and located its depot on lots near said land, and pointed out to plaintiff where said depot would be located, and where the track of the railroad would be laid, and further represented that he had his information from the managers of said road; and that the same would be completed within three months from said date; and further represented, to induce plaintiff to enter into said agreement, that the managers of said railroad, the name of which plaintiff cannot now give, had purchased three hundred acres of land immediately adjoining plaintiff's lots. That in pursuance of said agreement and representations, and in reliance thereon, plaintiff did, on or about said date, execute and deliver to defendant good and sufficient deeds for said land in Plymouth county, Iowa. That in part performance of his said agreement defendant executed and delivered to plaintiff deeds for said lots. That the agreed value of said land deeded by plaintiff to defendant was eight thousand dollars over and above encumbrances, and the said land was and actually is worth said sum. That the estimated value of said lots, with improvements so erected and built, was eight thousand dollars. That if the defendant had built and caused to be erected the buildings and improvements as he agreed with plaintiff to do, as herein set out, and if the representations by defendant had been true, the said lots would have been worth the sum of eight thousand dollars. That without said improvements said lots were not worth to exceed three thousand dollars. That at the said time defendant was the owner of a great portion of said town of Lucerne, and had the control of the entire town-site, and represented to plaintiff that he had almost unlimited means at his command for the use and purpose of improving, building up and advancing the same. That all of defendant's promises, agreements and representations herein set out were wholly false, and made for the purpose of cheating and defrauding plaintiff. That defendant has

failed, neglected and refused to make any of the improvements agreed by him to be made, and has absconded and left the state of California. That defendant knew at the time he made said representations that they were false, and made them for the purpose of inducing plaintiff to pay more for said land than the same was worth. That plaintiff relied upon said representations, and was thereby induced to make said trade. That by reason of the facts herein set out plaintiff has been damaged in the sum of five thousand dollars. That the defendant is a non-resident of the state of Iowa. That, by reason of the facts herein set out, there is now due and owing plaintiff from defendant the sum of five thousand dollars, no part of which has been paid. * * *''

To this petition defendant demurred in the following language : ''(1) Said petition does not state facts sufficient to entitle him to the relief demanded, or any other relief, in this : That there is no averment in plaintiff's petition that the defendant made any false or fraudulent statement or representations to plaintiff respecting the lots mentioned and described in said petition. All the statements set out in plaintiff's petition, and which are averred to be false and fraudulent, amount to nothing more than a promise on the part of the defendant that he would make the improvements mentioned in said petition upon his own property at some time in the future, or they relate to a condition of things about the truth of which the plaintiff had the same opportunity for obtaining correct information as the defendant; and there is no averment with respect to these alleged false statements in said petition that defendant fraudulently did anything to induce plaintiff to forbear inquiry as to the truth of such alleged fraudulent statements. (2) That the alleged fraudulent misrepresentations or statements are wholly immaterial, in that they do not relate to any ascertainable fact as distinguished from matters of opinion, intention, probability or expectation, and they are therefore not fraudulent in law. (3) Representations, to induce a vendee to purchase property, to be fraudulent, must relate to a present or past state of

facts, and relief, as for deceit or for fraud, cannot be obtained to a non-performance of a promise or other statement looking to the future. (4) The alleged false representations relied upon by plaintiff in this case do not relate to the subject-matter of the contract set out in the plaintiff's petition, but do relate solely to collateral matters of mere inducement, and they are therefore insufficient in law. (5) The damages claimed in the plaintiff's petition are wholly speculative, and are too uncertain and remote."

II. Attention to the petition will disclose the fact that it seeks to recover on two grounds:

(1) The failure of defendant to make certain improvements which were a part of the consideration for the land conveyed by plaintiff to defendant. These improvements were to be made on defendant's land, but would enhance the value of the land conveyed by defendant to plaintiff. It cannot be doubted that a contract for such improvements, which would enhance the value of plaintiff's land, is a valuable consideration for plaintiff's contract to convey the Iowa lands. He did convey these lands, and defendant did fail to make the improvements. He can recover for the breach of this contract. The petition sets out a cause of action based upon this breach of contract.

*1. Vendor and vendee: failure of consideration: instance.*

(2) But the petition alleges false representations inducing the purchase of the land. We think these representations are a ground of recovery, and that the demurrer should not have been sustained as to them, had it been limited thereto. Surely the false and fraudulent representations as to the construction of a railroad and other matters, which are not merely the statements of an opinion, but the assertion of facts which induced the contract on plaintiff's part, are ground for an action to recover the damages sustained by the fraud. See *McDole v. Purdy*, 23 Iowa, 277; *Wilson v. Railway Co.*, L. R. 9 Ch. 279; 2 Suth. Dam. 250–252.

*2. ——: false representations: instance.*

III. The petition may have been obnoxious to the objection of mingling without separation distinct causes of action. But it was not assailed on that ground.

IV. The fifth ground of demurrer, that the damages are wholly speculative, and are too uncertain and remote, is overcome by consideration of the allegations of the petition that the land purchased by plaintiff, with the improvements contemplated in defendant's contract, would be worth eight thousand dollars; without them, but three thousand dollars. Plaintiff by these allegations shows that he suffered damages to the amount of five thousand dollars. These are not speculative damages, but under the allegations of the petition are actual damages, based upon the alleged differences in the value of the property, with and without the improvements. See *McDole v. Purdy*, 23 Iowa, 278; *Wilson v. Railway Co.*, L. R. 9 Ch. 279. This case is distinguished from *First Nat. Bank v. Thurman*, 69 Iowa, 693, by its facts. The future construction of the manufactories and other buildings which defendant contracted should be built pertain to the consideration of the purchase of the lots by plaintiff, who paid the price at which the lots were estimated, relying upon defendant's contract to construct the manufactories, which would largely increase the value of the property. The lots were purchased by plaintiff at the price of eight thousand dollars, for the reason that plaintiff relied upon defendant's contract to increase the value of the lots. The petition alleges that the lots, without the construction of the manufactories, were worth but three thousand dollars, and with them were worth eight thousand dollars. Defendant's contract is valid, and plaintiff is attempting to enforce it in this action. He declares upon it in the petition. If he establishes the contract, and the breach thereof, what will be the measure of his damages? Clearly, the difference between the value of the lots, in case defendant should perform his contract, and their value if the contract should not be performed.

It will be seen that this is not a case of speculative damages, but rather a case requiring the assessment of the damages for the non-performance of a contract, which were contemplated by the parties when they entered in the contract. If the damages be held speculative, and on that account plaintiff cannot recover, the contract would be defeated; for plaintiff could not recover for the breach thereof, by which he avers in the petition he lost five thousand dollars. Courts will not in this way defeat remedies upon contracts. In *First Nat. Bank v. Thurman*, 69 Iowa, 693, the damages held to be uncertain and speculative were not based upon the consideration of the contract attempted to be enforced. The defendant agreed to erect a building, provided the plaintiff would first erect another building, and, in case of failure of defendants so to do, he was to forfeit five hundred dollars. Plaintiff in the case sought to recover the five hundred dollars, and alleged that it was damages by the depreciation of the value of the property, which was worth five hundred dollars less that it would have been worth had defendant performed his contract. The damages claimed are based upon the alleged depreciation of the value of plaintiff's building, and not upon any alleged consideration arising out of the increased value of the building. The damages were wholly speculative and uncertain. But in this case no other damages were or could have been contemplated by the parties than those claimed by plaintiff. They are alleged in the petition as being actual and certain, so that plaintiff suffered loss in the sum of five thousand dollars by defendant's violation of his contract. As shown by the allegations of the petition, they are not speculative or uncertain, and are based upon allegations of value. We are united in the conclusion on this as well as other points of the case, but some of the judges think that the doctrine of *Bank v. Thurman, supra*, cannot be harmonized with the ruling in this case. In our opinion, the judgment of the district court ought to be

REVERSED.