EDMUND R. ROSENBERG et ux., appellees, v. MISSISSIPPI VALLEY
CONSTRUCTION COMPANY, an Iowa corporation, and
W. R. BEEM, appellants.

No. 50164.

(Reported in 106 N.W.2d 78)

NOVEMBER 15, 1960.

REHEARING DENIED JANUARY 13, 1961.

Abramson, Myers & Hockenberg, of Des Moines, and Simon W. Rasche, of Clinton, for appellants.

L. D. Carstensen, of Clinton, for appellees.

GARRETT, J.—Plaintiffs' petition alleging fraud was heard in the district court without defendants presenting any witnesses or testimony and judgment and decree were entered for a rescission of contract between the parties, granting plaintiffs relief in the amount of $413.85, being the amount paid on contract to purchase certain lots in Highland Park Subdivision of Camanche, Iowa. Defendants elected to stand on their motion to dismiss at the close of plaintiffs' evidence.

I. Appellants rely upon plaintiffs' failure to allege and prove actionable fraud.

Plaintiffs' witness Thomas R. Haas stated: "Yes. He said they was going to build a shopping center. I said, 'This is getting out of town pretty far.' He said 'Oh, they are going to build a shopping center out here.' * * * It didn't look like the land was worth too much right then and I would not have purchased the land if they had not told me there was going to be another house and a shopping center built."

Anna B. Rosenberg testified: "Q. And did he make any representations to you regarding present plans for development

of the land? A. Yes. Q. What was the nature of those representations? A. The nature was that they were going to start building there and build houses and it would not take long. The value would go right up and any time we wanted to sell he would put it up for sale and sell it for us. Q. Were there any representations about any particular building? A. He told us there was going to be a big shopping center coming on the corner and a drugstore and a doctor's office. * * * Q. Would you have paid the sum of $413.85 to Mississippi Valley Construction Company if you had not believed the statements he made concerning the building of doctors' offices, shopping center, house next door and house down the street and houses being built all over the land? A. Certainly not. Q. Did Mr. Beem ever make any representations to you prior to your signing the contract concerning any industry coming into the area? A. Yes, about the steel company and he stated that a big steel company was coming in there and make things boom."

Ellis Case testified: "I was on the council from the first day of January, 1948, until January 1, 1960. It is my knowledge there were no building permits applied for or granted for building in Highland Park Subdivision."

Appellants cite 19 Am. Jur., Equity, section 238; 23 Am. Jur., Fraud and Deceit, section 35, page 794; and 24 Am. Jur., Fraudulent Conveyances, section 245, page 355 and many cases.

The first citation above has to do with allegations of fraud and states it is not necessary that all details and circumstances of the transaction be set forth with particularity; it is sufficient if the allegation of fraud is explicitly and distinctly made and the mode in which the fraud was accomplished is pointed out. Appellees have met this burden in their pleadings. The second citation, 23 Am. Jur., section 35, page 794, supports the rule that statements as to events in the future, when they are affirmed as facts, may amount to fraudulent misrepresentations. The third citation, 24 Am. Jur., section 245, page 355, has to do with creditor's rights, which are not involved herein.

An examination of plaintiffs' petition discloses that it contains the usual and necessary allegations and averments

of material ultimate facts to sustain their cause of action. We have examined the cases cited by appellants and find they do not sustain appellants' position and we hold plaintiffs have met the burden of pleading and proving actionable fraud. See Wilson v. Yocum, 77 Iowa 569, 42 N.W. 446; Cofield v. Griffin, 238 N. C. 377, 78 S.E.2d 131, 40 A. L. R.2d 966; Smith v. Waterloo, C. F. & N. R. Co., 191 Iowa 668, 673, 677, 182 N.W. 890; Williams v. Bedenbaugh, 215 Ala. 200, 202, 110 So. 286, 287.

▋ "Thus, representations are material if the transaction would not have occurred in their absence or with knowledge of their falsity, and if they are related directly to the transaction involved." 37 C. J. S., section 18, page 253. See also 37 C. J. S., section 82, Materiality, pages 379, 380.

"The representations are of facts, not mere opinions; their materiality is manifest and need not be specially averred; that plaintiff was thereby induced to purchase sufficiently shows reliance upon them." Williams v. Bedenbaugh, supra.

Appellants cite 24 Am. Jur., Fraudulent Conveyances, section 247, which relates to Subsequent Creditors and Bulk Sales Acts which have no application herein.

▋ To recover in an equity action on grounds of fraud one fundamental rule is that the alleged fraud must be material. "One of the fundamental principles which pervades jurisprudence involving fraud and the maintenance of actions or defenses based thereon is that to constitute fraud in any case the facts misrepresented or concealed must have been material facts which substantially affect the interests of the person alleged to have been defrauded. According to the majority of courts which have attempted to lay down criteria of materiality, a fact is material when it influences a person to enter into a contract, when it deceives him and induces him to act, or when without it the transaction would not have occurred." 23 Am. Jur., Fraud and Deceit, section 111, page 892.

See also annotation, 27 A. L. R.2d 27; Restatement of the Law of Contracts, Iowa Annotations, VI, A, section 470, page 678; Lamasters v. Springer, 251 Iowa 69, 99 N.W.2d 300.

II. Where there is clear, satisfactory and convincing evi-

dence that the representations made are false, and known by the person making them to be false, and made with the intent to deceive the purchaser, a right to rescind the contract of purchase is sustained.

Edmund R. Rosenberg testified: "A. I will have to answer it this way. He told us that by fall there would be houses going up there and this place will be full of holes for basements by fall and we were there in the spring."

■ It is not necessary to show that the performance of future acts were within the control of the person making the representations if it clearly appears that he represented the future improvements would be made by someone in the near future. There was more involved here than a mere statement of opinion or belief that such improvements would be constructed nor can it be claimed that the time for performance had not yet arrived. See 37 C. J. S., Fraud, section 12, page 239; Sutton v. Morgan, 158 Pa. 204, 27 A. 894, 38 Am. St. Rep. 841; City Deposit Bank v. Green, 138 Iowa 156, 115 N.W. 893; Rowe Mfg. Co. v. Curtis-Straub Co., 223 Iowa 858, 273 N.W. 895.

The appellees have stated and proved their cause of action. The judgment and decree of the trial court are affirmed.—Affirmed.

All JUSTICES concur.