## Warren Crabtree v. Thomas I. Potts.

1. EVIDENCE—*Duty of Jury Where it is Conflicting.*—Where the evidence is conflicting it is the peculiar province of the jury to find where the truth lies.

2. INSTRUCTIONS—*Where a Complaining Party Has Not Been Prejudiced.*—Errors in instructions will not be cause for reversal where the interests of the complaining party have not been prejudiced thereby.

3. CONTRACTS—*A Mere Use Does Not Constitute Acceptance.*—The mere fact that a party uses a windmill and fixtures while efforts to remedy them are being made by the party from whom they have been received, does not constitute an acceptance of them.

Assumpsit.—Appeal from the Circuit Court of Fulton County; the Hon. JOHN J. GLENN, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

H. W. MASTERS & SON, attorneys for appellant.

CHIPERFIELD & CHIPERFIELD, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

Appellant brought this suit to recover the contract price of a wind-mill, water-tank and fixtures which he erected upon the farm of appellee in November, 1897.

The contract was an oral one and provided that appellee should have thirty days in which to accept the structure, and if the same was not satisfactory to him, he should notify appellant of that fact within thirty days after its completion, in which event appellant should remove it from appellee's premises. The contract further provided that appellant should keep the windmill, tank and fixtures in good working order for one year.

There was no dispute about the terms of the contract,

but appellee contended, upon the trial, that he did not accept the structure, but within the thirty days' limit notified appellant that it was not satisfactory and to remove it, and also that appellant did not keep it in repair and in good working order for the year following its completion, as he had agreed to do. The case was tried upon those two issues. Appellee testified that he notified appellant within thirty days after the completion of the structure, that it was not satisfactory to him and to remove it. His wife testified that she, under directions from her husband, and acting as his agent, gave appellant a like notice about three weeks after its completion. Appellant testified that he received no such notice from either of them until two years after its completion, and in corroboration introduced witnesses who testified to appellee expressing, at different times, his satisfaction of the manner in which the windmill and fixtures worked. In the conflict it was the peculiar province of the jury to find the truth upon that issue and there is nothing in the record to justify us in saying that they were actuated by passion or prejudice.

The evidence shows that the tank leaked and that appellee and his family were annoyed by a lack of water in the tank when needed and by escaping water sifting into appellee's cellar. Appellant made efforts to repair the defects. We can not hold, however, that because he was allowed to do so and because appellee constructed a shed over the tank to prevent leaves and flying particles from falling into the water, appellee must be regarded as having accepted the structure, as contended by appellant's counsel. If appellee gave the notice testified to by him and his wife, he did not waive the right which the notice gave him to cancel the contract of purchase by allowing appellant's efforts to put the structure in good working condition. Had he succeeded in his efforts, then the subsequent use of the windmill and fixtures by appellee would have afforded a justification for that contention. But it was disputed that he had succeeded; and appellee testified to a number of incidents, such as the leaking of the tank, and to defects in the pumping appa-

ratus, which, if true, demonstrated that there had been complete failure on the part of appellant to make the tank and fixtures work properly. He was corroborated by other witnesses. True, appellant introduced evidence to the contrary, but in the conflict it was the peculiar province of the jury to decide. In absence of error of instructions to the jury there is no sufficient ground for disturbing their finding.

Complaint is made of the following instruction:

" The jury are instructed that in case you find a verdict for the defendant, the form of your verdict will be, ' We, the jury, find the defendant not guilty.' "

This being an action of assumpsit, the form was improper of course, but as the jury returned a verdict in the following form, " We, the jury, find the issues for the defendant," we are unable to see how appellant was at all prejudiced by that error.

Appellant also complains of the refusal of the court to give the following instruction in his behalf:

" The court instructs the jury that if you believe from the evidence and by a preponderance of the evidence that the defendant, Thomas I. Potts, ratified his contract with the plaintiff in the month of November, 1898, one year from the date of making the contract between the plaintiff and defendant, by exercising acts of ownership over the property, the said windmill, tank and fixtures, then the court instructs the jury that you should find the issues for the plaintiff."

The instruction was properly refused. In the first place, an incorrect use of the term " ratified " was made. If the framer of the instruction intended, as doubtless he did, that an acceptance of the mill, tank and fixtures could be presumed by the jury from a continued use of the same without complaint, he should have said so. The mere use of the structure would not constitute an acceptance. As already intimated, appellee may have been willing to allow appellant's efforts to remedy the defects of the structure, but if appellant failed to remedy them, the mere fact that appellee used the windmill and fixtures while such efforts

to remedy were being made, would not prejudice the rights of appellee to have the structure removed. The contention of appellee and the showing made by him on the trial has been that he has always refused to accept the tank and fixtures because they did not work satisfactorily and were not made to do so after repeated efforts by appellant.

Seeing no error in the record sufficient to justify a reversal the judgment will be affirmed.