GAAR, SCOTT & COMPANY, Appellee, v. EVEN HALVERSON
and HALVER H. JOME, Appellants.

**Sales:** ACTION FOR FRAUD. The mere expression of opinion by an
1    agent concerning the service, ability and capacity of a machine,
cannot be made the basis of an action for fraud in procuring
the contract of sale, especially where the statements are cov-
ered by a written warranty upon which the right to rescind is
predicated.

**Breach of warranty:** EVIDENCE. The evidence in an action to en-
2    force payment for a threshing engine is reviewed and held
insufficient to entitle the defendant to rescind the contract of
sale on the ground of breach of the warranty or to entitle
him to any affirmative relief.

*Appeal from Winneshiek District Court.*— HON. A. N.
HOBSON, Judge.

FRIDAY, OCTOBER 20, 1905.

ACTION in equity to recover upon promissory notes, and
to foreclose a chattel mortgage given to secure the same.
There was a decree in favor of plaintiff, and the defendants
appeal.— *Affirmed.*

*E. P. Johnson* and *John B. Kaye,* for appellants.

*Carr, Hewitt, Parker & Wright* and *Dan Shea,* for ap-
pellee.

BISHOP, J.— The notes in suit, three in number, were
given in evidence of part of the purchase price of a traction
engine sold by plaintiff to the defendant Jome.   The defend-
ant Halverson signed one of the notes as surety.   Defendants

admit the execution and delivery of the notes and mortgage, and they defend upon substantially two grounds: First, fraud in contract of sale; second, breach of warranty, and rescission of the contract on account thereof.

I. We find no evidence of fraud entering into the contract of sale. The contention goes no farther than that at the time of the sale it was represented by the selling agent of plaintiff that the engine was one which had been formerly used, and had then been rebuilt and was in good condition — practically as good as new; that it would steam well, and was of sufficient power to drive the threshing machine of defendant, for which purpose the purchase thereof was made. Without undertaking to set forth the evidence in detail, it is sufficient to say that what was said by the agent in respect of the engine having been rebuilt appears to be true. Beyond that, what was said by the agent was wholly in the nature of opinion. A mere expression of opinion, or " trade talk," cannot be construed into a false representation. *Des Moines Ins. Co. v. McIntire,* 99 Iowa, 50; *Neidefer v. Chastain,* 71 Ind. 363 (36 Am. Rep. 198) ; *Deming v. Darley,* 148 Mass. 504 (20 N. E. 107, 2 L. R. A. 743). But, if this were not so, the opinions expressed had relation to the service, ability and capacity of the engine, and these matters were covered by the terms of the written warranty delivered to defendant at the time of the sale, and upon which they ground their right to rescind the contract.

1. SALES: action for fraud.

II. By the contract of sale, delivery was to be made to defendant Jome on board cars at Decorah, and with warranty; the material provisions thereof being that the engine was to be of good materials, well constructed, and such as that, with proper use and management, the same would do as good work as any other engine of the same size and capacity, made for the same purpose. It is then provided that if, inside of six days from the first day of use, the engine fail to fill the warranty,

2. BREACH OF WARRANTY: evidence.

written notice is to be given at once to plaintiff at its home office, and to the local agent making the sale, whereupon the company shall have a reasonable time to get expert workmen on the ground and remedy the defect.    It is the further provision that, if the defects cannot be remedied, the company has the option to furnish a new engine or to return the consideration; and the doing of either shall terminate its liability.    And, further, the use by defendant of the engine after the expiration of the six days shall be conclusive evidence of the fulfillment of the warranty, and defendant agrees, in such event, to make no other claim on plaintiff; and " the fact of any agent or expert of this company rendering assistance of any nature after the above-named warranty has been concluded [shall not] operate as an extension of the conditions thereof."

While not wholly without dispute, the following facts, as we think, are established by the record.    The contract of sale, including the warranty, was entered into July 31, 1902, both parties signing the same, and the engine arrived at Decorah on August 7th.    On the day following, the defendant Jome examined it, and found that some of the attachments were defective.    He called the attention of plaintiff's agent thereto, and some were at once replaced.    Others not in stock at Decorah were telegraphed for, and a day or two later were put on the engine by direction of said agent.    In the meantime, defendant took possession of the engine, and on August 9th he put the same into use.    On the evening of that day he reported to the agent of plaintiff that it did not steam well, and a man was sent out to put on the further attachments ordered.    On Saturday evening, August 16th, defendant went to the office of the agent in Decorah and declared that he could not make the engine steam, and that it would not do the work required of it.    The agent at once telegraphed for an expert, but before one could arrive, and on Monday, August 18th, the defendant caused notice to be served on the agent of his election to rescind the con-

tract, and demanding back his notes and mortgage. A like notice was sent by mail to plaintiff at its home office. During the following night defendant brought the engine into Decorah, and left it in the yards of plaintiff's said agent. The next morning the expert arrived, and upon examining the engine found the eccentric slipped from place about an inch. He adjusted the difficulty, and steamed the engine with the result, as testified to by him, and in this he is corroborated by others, that the engine worked perfectly and withstood the test — made by application of brakes — as to its working capacity as provided for in the warranty. Thereafter a further successful test was made in the presence of defendant, and after considerable correspondence he (defendant) agreed to take back the engine, if it should withstand the test of actually driving his threshing machine. When the company's expert came to assist him in putting the engine at work, and upon a disagreement arising as to who should take the engine out, the defendant refused to have anything further to do with it. Upon the trial claim was made that other portions of the engine were defective, but it does not appear that the attention of plaintiff or its agent was directed thereto, or that any opportunity was given to remedy or replace the same.

We think there was no breach of the warranty, such as that gave defendant the right arbitrarily to rescind the sale. Certainly the defendant cannot complain in respect of the defective attachments, as he knew of those at the time of his receipt of the engine, and, as we have said, the record shows without dispute that all such were promptly furnished. Now, the warranty gave defendant six days in which to test the engine. If it did not work properly, it was the agreement, signed by him, that the plaintiff should not only be notified, but should have the opportunity to have the trouble investigated by an expert, and remedied, if possible. That the engine did not do the work required while in the hand of defendant is undoubtedly true, but the fact that the expert,

who examined it the day following its return, succeeded in making it work properly upon adjusting the eccentric rod, not only satisfied the court below, but makes it clear to us, that the fault lay in the want of skill or carelessness of the person who had attempted to operate the same on defendant's account. And this particularly, because it is made certain by the evidence that the lack of proper adjustment in the eccentric rod would produce the very difficulties of which defendant complained. Moreover, had defendant in good faith attempted to comply with his contract, and, as he might easily have done, had taken the engine out again and permitted the expert to put the same to test in actual work, a failure would have made perfect his right to reject the machine. On the other hand, if the work done was up to the requirements of the warranty, the right of plaintiff to insist that it had fulfilled its contract could not well be questioned.

Taking the circumstances as they fairly appear on the face of the record, and as we find them to be, we conclude that the defendants are not in position to claim a breach in the warranty, or to any affirmative relief, and hence that the decree as entered should not be disturbed. The following authorities lend support to our conclusion: *Wendall v. Osborne,* 63 Iowa, 99; *Davis v. Robinson,* 67 Iowa, 355; *Russell v. Murdock,* 79 Iowa, 101.— *Affirmed.*