# BAYER STEAM SOOT BLOWER COMPANY *v.* W. G. CORNELL COMPANY.

### SALES; APPEAL AND ERROR; TRIAL.

1. Where machinery is bought, to be used on trial for a period of thirty days, and, if at the expiration of that period the buyer shall not be satisfied, to be returned to the seller at his expense, it is the duty of the buyer to give the machinery a fair trial, and if he does so and then rejects it, his action in doing so is not reviewable by the courts. (Following *Rondinella* v. *Southern R. Co.* 33 App. D. C. 65.)

2. Where machinery was sold upon an agreement that it was to be satisfactory to the buyer, and the buyer, in an affidavit of defense in an action to recover the purchase price, recites that a test was made which showed that the machinery would not do the work required, and also shows wherein it was defective, there is a sufficient showing that the machinery was unsatisfactory to the buyer, although there is no specific statement in the affidavit that it was unsatisfactory.

3. A buyer of machinery which is to be used on trial for thirty days and returned if not satisfactory to him is not required to continue the trial for the full period, if in a shorter time he finds the machinery to be so defective that it will not work, especially where the seller makes no demand for a further trial.

4. When machinery is sold on thirty days' trial subject to rejection if not satisfactory to the buyer, the thirty days begin to run when the machinery is properly placed in position to do the work intended, and if within that period the buyer notifies the seller that the party for whose use it was purchased has rejected it as unfit, and unless the seller telegraphs he can prove its capacity, the buyer will have to return it, and no response is received from the seller, the notice is a sufficient rejection of the machinery as unsatisfactory to the buyer; and the fact that the buyer subsequently permits the plaintiff to attempt to remedy the defect is no waiver by the buyer.

5. Where no time is fixed for the return of goods sold subject to the satisfaction of the buyer, they must be returned, or an offer made to

NOTE.—On remedies of parties under a contract for the sale of an article on approval, see note in 50 L.R.A.(N.S.) 808.

return them, within a reasonable time; and a request for shipping directions and a statement that upon receiving them the goods will be returned is a sufficient offer to return.

6. Whether goods are returned or offered to be returned by the buyer to the seller, within a reasonable time, is a question of fact for the determination of the trial court, in an action to recover the purchase price, where the case is heard on an agreement between the parties that if that court shall be of opinion that an affidavit of defense is sufficient, judgment shall be entered for the defendant, with a right of appeal by the plaintiff, and a stipulation that certain letters of the parties shall be considered as part of the record.

No. 3040.    Submitted November 6, 1917.    Decided December 3, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action to recover the purchase price of machinery sold by the plaintiff to the defendant.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Charles Cowles Tucker, Mr. J. Miller Kenyon, Mr. Henry B. F. Macfarland,* and *Mr. J. Dann Faber* for the appellant.

*Mr. Jo V. Morgan, Mr. Charles A. Douglas, Mr. Charles S. Douglas,* and *Mr. Hugh H. Obear* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

Plaintiff, Bayer Steam Soot Blower Company, sued to recover the contract price of two patented soot blowers for cleaning the soot and ashes from between the tubes of a steam boiler. There were affidavits of merit on behalf of plaintiff and affidavits in defense by the defendant, W. G. Cornell Company. The parties agreed that, if the trial court was of the opinion that the affidavits in defense were sufficient, the court should enter judgment for the defendant, reserving to plaintiff the right to appeal. Another stipulation says that certain letters which passed between the plaintiff and defendant might be con-

sidered as a part of the record.   There was judgment for the defendant.

Do the defendant's affidavits, considered in connection with the letters, present a good defense?   That is the single question here for decision.   It appears therefrom that in October, 1913, plaintiff sold to the defendant two blowers to be installed by the defendant on boilers in the building of the Bureau of Engraving and Printing on these conditions:   That "said blowers were to be used on trial for a period of thirty days, and if at the expiration of that period the defendant would not be satisfied with the said blowers that they were to be returned to the plaintiff at its expense."   They were put in position about January 8, 1914, and after two weeks' trial were rejected by the Government Engineer in charge as unfit to do the work for which they were intended.   Thereupon defendant by letter notified the plaintiff of the rejection, suggested that it send a man to Washington to "demonstrate" that the blowers would work, and concluded thus:   "Kindly let us know by wire just what we can expect; otherwise we will have to take these two out and return them to you."   Later on plaintiff sent certain shields which it claimed would remedy the defect, but they were not placed in position because the Government Engineer, other experts, and the defendant's general manager, decided that they would not be effective.   On April 6, 1914, defendant requested shipping directions from the plaintiff and said to it that upon receiving them it would return the blowers "at once."   This was repeated in substance on May 2 and July 15.   The necessity for shipping directions was due to the circumstance that the plaintiff had two places of business,—one at St. Louis and another at Philadelphia.   It is also disclosed that defendant was anxious to have the blowers do the work for which they were purchased, because they were cheaper than the blowers it was obliged to put in their place.   The court found in effect that the blowers had been given the test required by the contract, that they failed to perform the work contemplated by the parties, that in consequence they were not satisfactory to the defendant, and hence that it was not obliged to pay for them.   Appellant contends that the failure of the blowers to work satisfactorily was due to

certain of the cleaning doors of the boilers being "off center," but in answer to this it is shown without contradiction that they failed to function where the doors were on center.

The next point urged by appellant is that it was the duty of the defendant to give the blowers a fair trial, and it cites many authorities, both texts and decisions, to support the contention. We agree; but think that the record shows indubitably that such a test was accorded; and where that appears the judgment of the purchaser is final, and not subject to review by the courts. This is so because plaintiff agreed that it should be so when it said that if the blowers were not satisfactory to the defendant it might reject them. (*Rondinella* v. *Southern R. Co.* 33 App. D. C. 65; *Silsby Mfg. Co.* v. *Chico,* 11 Sawy. 183, 24 Fed. 893; *McClure Bros.* v. *Briggs,* 58 Vt. 82, 56 Am. Rep. 557, 2 Atl. 583; *Gray* v. *Central R. Co.* 11 Hun, 70.)

It is asserted by appellant that under the contract the defendant, and not the Government Engineer, was the one to be satisfied. If this be conceded, and it is, the appellant is not advantaged, because the affidavit of defendant's general manager recites the test made, indicates with clearness wherein the blowers were defective, and asserts that they did not do the work required. True, he does not say specifically that they were unsatisfactory; none the less the effect of his affidavit is that they were; it admits of no other fair inference. But if it did, the implicit, if not the explicit, finding of the court below, the trier of fact, would be conclusive upon the subject. Appellant's authorities, holding that where a piece of machinery sold upon an agreement that it is to be satisfactory to A, the obligation to pay for it cannot be escaped by showing that it was not satisfactory to B, are not pertinent. *Lockwood Mfg. Co.* v. *Mason Regulator Co.* 183 Mass. 25, 66 N. E. 420, stressed by the appellant both in its brief and oral argument, is one of them. It is said therein that the only question in the case before the court was whether the words, "in a satisfactory manner," meant "in a manner satisfactory to a reasonable person or in a manner satisfactory to Leavitt (city engineer), however unreasonable he might be, provided he acted in good faith," and it was held that the words, "in a satisfactory manner," did not impose

upon the seller the obligation to satisfy the engineer. There is no question of that character here; for, as we have disclosed, the blowers were not rejected because they were unsatisfactory to the Government Engineer, albeit they were, but because they were not fit for the work for which they were sold, and hence not satisfactory to the purchaser.

Next it is argued that plaintiff was entitled to have the blowers tried for the full thirty days. There is nothing to show that they were not. The plaintiff was notified after two weeks' trial, which ended January 22, that they were rejected by the Government Engineer. Whether that ended the trial, is not clear. On February 13 the defendant wrote that it had removed the blowers, but, when, the writer does not say, nor does anybody else. That was thirty five days after the trial period had commenced. However, the blowers had been tried sufficiently to show that they were incapable of doing the work required. No one says that a further trial would have helped them, and therefore it would have been useless. The law never requires an idle thing to be done. In *Williams Mfg. Co.* v. *Standard Brass Co.* 173 Mass. 356, 53 N. E. 862, the purchaser was given sixty days in which to try the article purchased, but he rejected it before the end of the period. The court, speaking through Mr. Justice Holmes, said: "As soon as the defendant was convinced that the work was unsatisfactory it had a right to stop it. The provision of sixty days' trial was the undertaking of the plaintiff for the defendant's advantage to insure it of whatever knowledge it wanted in order to decide." To the same effect see *Cleaver* v. *Bullock,* 111 Pa. 441, 4 Atl. 852. Appellant cites *Huber Mfg. Co.* v. *H. Crawford & Sons,* 175 Fed. 219, and *Gaar* v. *Halverson,* 128 Iowa, 603, 105 N. W. 108, but we do not think they are in point. In the *Huber Case,* it was said: "A ten days' trial was to decide, and neither party could stop short of this, if it was demanded by the other." No demand for further trial was made here. In the *Gaar Case* it was said that the purchaser was entitled if he desired to extend the trial through the full period given in the contract,—in that case six days. This is far from holding that he was required to continue the trial during the full period if in a shorter time he

found the device so defective that even the seller could not make it work.

Was the plaintiff notified within thirty days that the blowers were unsatisfactory to the defendant? The thirty days commenced to run when the blowers were properly placed in position to do the work intended. (*Cook* v. *Flint,* 2 Ind. App. 41, 28 N. E. 200.) This was about January 8; and on January 22 plaintiff was notified that the government had rejected them as unfit, and that unless plaintiff wired that it could prove the capacity of the blowers the defendant would have to take them out and return them. No wire was received, and defendant's conditional notice became absolute. This notice, that the blowers were defective and could not be used for the purpose for which they had been purchased, was in effect a declaration that they were unsatisfactory to the purchaser, and must have been so understood by the plaintiff. To say otherwise would be absurd. Nor is this changed by the fact that subsequently defendant permitted the plaintiff to make efforts to remedy the defect. "Waiver of defense does not result  *  *  * from use for the purpose of testing the article or while efforts are being made to remedy defects." (35 Cyc. 242; see also *Crabtree* v. *Potts,* 108 Ill. App. 627.)

The final contention of the appellant is that defendant should have returned the blowers or made an unconditional offer to do so. We think it did the latter when it requested shipping directions and stated that upon receiving them it would return the blowers at once. The contract does not by its terms fix the time when the return was to be made. Therefore if made within a reasonable time it would be sufficient; whether it was or not was a question for the trial judge (*Boothby* v. *Scales,* 27 Wis. 626), and we have no right to review his decision upon that point. But if we had, we would concur in it.

For the foregoing reasons the judgment of the lower court was right, and it is therefore affirmed, with costs.    *Affirmed.*