CARL W. DORMAN, Appellant, v. HARRY G. THORPE et al., Appellees. No. 42168.

NOVEMBER 14, 1933.

Bernard Stenzel, for appellant.

Yoran & Yoran, for appellees.

MITCHELL, J.—On or about the 17th day of December, 1928, the appellees represented themselves as agents and salesmen for a company manufacturing and selling candy bar vending machines. They had numerous conversations with appellant in reference to selling him twenty-five of the vending machines at the price of $40 each. The machines were manufactured and sold for a definite purpose: for the selling of candy bars automatically; in other words, without an attendant being present. Prior to the time that the appellant purchased the machines, the appellees delivered to the appellant for his examination and consideration a sample of the machine that they were trying to sell to him. This sample was in his possession for some time. After several conversations between the appellant and appellees in regard to the vending machine, the appellant purchased from the appellees twenty-five of the vending machines at the price of $40 each. Either the latter part of January, 1929, or the first part of February of the same year the machines were delivered by the appellees, and, upon the delivery of the machines to the appellant, the appellant paid to the appellees the agreed price, to wit, the sum of $1,000. After receiving the machines, the appellant installed them in different places of business in the city of Waterloo, Iowa. In all about twelve or thirteen machines were so placed by him. After the appellant had placed the machines and had operated them for a short period, the appellant discovered that slugs were being used in the machines to extract

the candy bars, and that more than one bar was being removed by the use of a single nickel. And the appellant commenced suit against the appellees to recover the amount of money which he had paid to the appellees, to wit, the amount of $1,000, and for the sum of $511.25 for the loss of his time and for a small amount of money expended for equipment in the installation of said machines.

The following is the material part of appellant's petition:

"That said machines were purchased by the plaintiff for the purpose of vending Hershey bars, a specie of candy, and said purpose of plaintiff was known to the defendants at the time of the purchase of said machines by the plaintiff warranted that if the plaintiff would place Hershey bars in said machines that the machines would work automatically in that customers could deposit coins in the machines and receive in return for their deposit of money Hershey bars and further warranted that the Hershey bars could not be removed from the machines by customers without depositing money therein."

The appellees filed answer, in which they denied that they ever warranted or guaranteed to the appellant the operation of the vending machines referred to in appellant's pleading, in any manner whatsoever, and denied that the machines were defective or that the appellant suffered any damage therefrom not caused by his own neglect and management.

Evidence was offered by the appellant, and at the close of the appellant's evidence the appellees made a motion for a directed verdict, which motion was sustained by the court, and, from the ruling on the motion, the appellant appeals to this court.

The evidence is short. There is no evidence in the record of any express warranty, and the action is based upon an express warranty. The undisputed evidence shows that a sample machine was delivered to the appellant; that the appellant had this in his possession for some time; that he had examined the machine. There is no claim that the machines, which were delivered after the appellant purchased same from the appellees, were not the same as the sample which he had in his possession, and that the appellant did not receive the exact machines that he had bargained for.

This court, in the case of American P. P. Co. v. American P. A. Co., 172 Iowa 139, at page 152, 154 N. W. 389, 393, says as follows:

"The distinction between the cases in which a warranty is implied and where it is not implied is that in one case a person buys a distinct thing, an exact article, and gets the thing he bargained for. He cannot complain that it does not accomplish the purposes for which he purchased it, although he communicated that purpose to the seller. In such cases he takes his own risk as to the fitness of the thing for the intended purpose, and no warranty is implied. This rests upon the thought that no one can complain of another, or charge him with fault, who gives to him the exact thing which he bargained to give, although it is not fit for the purposes for which the purchaser bought it. The other class of cases is where one buys an article to be used for a certain purpose, and the seller undertakes to furnish him the article required. There is, in such a case, an implied warranty that it is fit for the purposes for which it is bought. The rule is laid down generally that, where a known, described and definite article is ordered of a manufacturer, although it is said to be required by the purchaser for a particular purpose, still, if the known, defined and described thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer. The distinction is between the manufacture and supply of an article to satisfy a required purpose, and the manufacture or supply of a specified, described and defined article. In one case, there is an implied warranty; and in the other, there is none."

There is no evidence in this record that the appellant relied upon any of the statements claimed to have been made to him at any time by the appellees as an inducement for his purchase.

The appellant also raised in this court the question of fraud and fraudulent representation. This is the first time that this question has been raised in this case. It is not raised in the pleadings, nor is there any evidence in the record.

A careful consideration of the record shows that the lower court was correct in directing the verdict, and the judgment of the lower court must be, and it is hereby, affirmed.

ALBERT, C. J., and STEVENS, ANDERSON, KINDIG, and KINTZINGER, JJ., concur.