ROWE MANUFACTURING COMPANY, Appellee, v. CURTIS-STRAUB COMPANY, Appellant.

No. 43753.

JUNE 15, 1937.

Frank R. Lacy, for appellee.

John J. Kintzinger, for appellant.

STIGER, J.—In May, 1933, the parties entered into a written contract for the sale by the plaintiff to the defendant of a No. 723 Ro-Way Novelty Box. The contract contained no express warranties and provided that "no conditions, agreements or stipulations, verbal or otherwise, save those mentioned above, shall be recognized." Plaintiff brought this action for the purchase price. The defense to the action is:

(1) That the defendant was induced to sign the contract by false, fraudulent representations of the plaintiff;

(2) That the defendant had no knowledge of novelty boxes and especially the Ro-Way box No. 723, prior to the signing of the contract; that defendant advised the plaintiff of the purpose for which it desired to use the box, that is, for re-sale to the retail trade and that in purchasing said box it relied solely on the judgment and skill of the plaintiff and that the box failed to comply with the implied warranty that it was reasonably fit for the purpose for which it was purchased.

At the close of the evidence, the plaintiff filed a motion for a directed verdict on the following grounds:

(1) That the defendant failed to prove that it was induced to enter into the contract by false representations of an existing fact as distinguished from mere expressions of opinion and predictions and promises as to the future.

(2) That the contract provided that no conditions, agreements, or stipulations, verbal or otherwise, save those in the written contract, would be recognized, which provision of the contract excluded any implied warranties.

(3) That the novelty box was sold under a trade name to wit: No. 723 Ro-Way Novelty Box and was a known, described and definite article and therefore excluded an implied warranty of fitness for any particular purpose.

The trial court sustained the motion on the ground that there was no implied warranty, and a directed verdict was entered for the plaintiff for the purchase price. Defendant appealed.

▌▌▌ Defendant's first claim of error is that the court erred in sustaining the motion for a directed-verdict because there was evidence in the case showing that the contract had been obtained by fraud.

The defendant alleged, and its evidence tended to support the allegations, that to induce it to enter into the contract, the plaintiff falsely stated that the novelty box was the best design on the market, far superior in all respects to any and all other novelty boxes on the market, so far superior that said box would sell itself when seen by prospective customers; that defendant need not worry about paying for the box and, because of its superiority in all respects, sales would be so numerous that defendant could pay for the box or boxes from money received from sales; that it was practicable, merchantable, marketable and salable, and that plaintiff would sell for defendant six of said boxes within ninety days from date of said order.

The statements alleged to have been made by the plaintiff that it would sell for the defendant six boxes within ninety days and that sales would be so numerous that defendant could pay for the boxes purchased from money from sales were promises and representations in futuro.

The mere failure to perform a promise or intention in futuro which may have been an inducement to a sale, is not, in itself, proof of fraud unless the promise is made with the secret intention of not carrying out the promise or expressed intention.

Blaul & Sons v. Wandel, 137 Iowa 301, 114 N. W. 899; City National Bank v. Mason, 192 Iowa 1048, 186 N. W. 30; Security Savings Bank v. Capp, 193 Iowa 278, 186 N. W. 927.

Because of the absence of any proof in this case that plaintiff had the fraudulent purpose of not performing the promises in the future when they were made, fraud cannot be predicated on them.

With regard to the statement by the plaintiff that the box was merchantable and salable, the evidence on the part of the defendant discloses that the parties were not dealing at arms' length. As stated in Hogan v. McCombs Bros., 190 Iowa 650, 656, 180 N. W. 770, 773:

"The modern tendency is to hold a merchant to a fairly strict accountability for his representations made in connection with the sale of his goods."

Under all the facts and circumstances appearing in the record, we conclude that whether this statement was a representation of fact or an opinion was at least a question for the jury.

The representations that the box was the best design on the market, far superior in all respects to any and all other novelty boxes on the market, so far superior that said box would sell itself when seen by prospective customers, relied on by defendant to establish fraud, fall within the permissible field of commendation of the vendor's product and expression of opinion as to its merit about which opinions might differ. Expressions of opinion, though extravagant, are not false representations of fact. Marquardt v. Bartlett, 173 Iowa 745, 155 N. W. 1014; Barr v. Butler, 197 Iowa 575, 195 N. W. 980; Gaar, Scott & Co. v. Halverson, 128 Iowa 603, 105 N. W. 108. These statements could reasonably be understood by the defendant only as expressions of opinion and it had no right to rely on them.

■■■ Appellant contends the court erred in sustaining the motion for a directed verdict because there was sufficient evidence in the case of a breach of an implied warranty that the merchandise was reasonably fit for the purpose ordered to carry the case to the jury.

Code section 9944, subd. 1, provides that there is an implied warranty or condition as to the quality or fitness for a particular purpose where the buyer expressly or by implication makes known to the seller the particular purpose for which the

goods are required and it appears that the buyer relies on the seller's skill or judgment.

The defendant testified that it wanted the boxes for re-sale to tavern-keepers in the city of Dubuque for the purpose of dispensing beer; that it had never heard of the plaintiff company or the Ro-Way box prior to the contract; that after telling the plaintiff the purpose for which it wanted to use the box, the plaintiff selected from a catalogue or pamphlet No. 723 Ro-Way Novelty Box as the box it should buy for such purpose; that it did not select the box but it was selected for it by the plaintiff; that it had no knowledge of its own about the box and relied entirely on the statements of the plaintiff as to the size and character of the box it should have, and in ordering the box, relied entirely on the judgment and skill of the plaintiff.

The provision in the contract that "no conditions, agreements or stipulations, verbal or otherwise, save those mentioned above, shall be recognized" means that the contract is presumed to contain the entire agreement and does not of itself exclude an implied warranty. Hughes v. National Equipment Corp., 216 Iowa 1000, 250 N. W. 154; Ideal Heating Co. v. Kramer, 127 Iowa 137, 102 N. W. 840.

An express warranty or condition does not exclude an implied warranty if the implied warranty is not inconsistent with, and is independent of, the express warranty. Code section 9944, subd. 6; Wise v. Central Iowa Motors Co., 207 Iowa 939, 223 N. W. 862; Owens Co. v. Leland Farmers Elevator Co., 192 Iowa 771, 185 N. W. 590. There is nothing in the contract inconsistent with an implied warranty of fitness for the purpose for which the box was purchased.

■■■ Appellee contends there was no implied warranty because the defendant purchased an exact specified article under its trade name and received the thing he bargained for and relies on Code section 9944, subd. 4, and Dorman v. Thorpe, 217 Iowa 91, 250 N. W. 902, 903.

Section 9944, subd. 4, reads as follows:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade name there is no implied warranty as to its fitness for any particular purpose."

In the case of Dorman v. Thorpe, supra, relied on by appellee, the court explains the distinction between the cases in

which a warranty is implied and where it is not implied and, quoting from the case of American Piano Co. v. American P. A. Co., 172 Iowa 139, 152, 154 N. W. 389, states:

"The distinction is between the manufacture and supply of an article to satisfy a required purpose, and the manufacture or supply of a specified, described and defined article. In one case, there is an implied warranty; and in the other, there is none."

In the case of Hughes v. National Equipment Co., supra, we held that the mere fact that the article purchased is patented or generally sold under a trade name does not exclude an implied warranty when purchased for a particular purpose and the buyer relies on the seller's judgment and not on the trade name.

In the instant case, plaintiff admitted that the box was a new one and of new design and had been on the market only two months and was not generally known to the trade. The defendant testified that it advised the plaintiff of the purpose for which it wanted the box, that is, to sell it to dispensers of beer in the City of Dubuque and that it knew nothing about the box; that the box was selected by the plaintiff as the type that would meet defendant's requirements and answer his purpose and that it relied entirely on the judgment of the plaintiff. Defendant further testified that a great many prospective purchasers looked at the box but refused to buy and that he was unable to sell it.

Defendant's testimony was not denied or contradicted by the plaintiff and there is not the slightest reflection in the record on its credibility.

This case falls within the class of cases where a vendee purchases an article for a specific purpose and the seller undertakes to furnish him the article required. We hold there was an implied warranty as claimed by appellant.

There was evidence for the defendant that the drain pipes were only one-eighth inch pipes and should be, to provide proper drainage, one-half to five-eighths inch pipes and that they were inadequate to carry away the overflow of foam and beer; that the pipes would clog and render the box unsanitary; that the drains from the ice chamber were inadequate; that when the pipes were clogged, the construction was such that it would be necessary to take the box apart in order to get the pipes out to

864

clean them; that the box could not be kept in a sanitary condition; that there were no coils to insure proper refrigeration; that there was a lack of necessary insulation; that the box was unsanitary and would not furnish adequate refrigeration.

Without further reviewing the evidence, it is sufficient to say that the question of the breach of the implied warranty was for the jury.

The trial court erred in sustaining the motion for a directed verdict.—Reversed.

RICHARDS, C. J., and SAGER, PARSONS, and ANDERSON, JJ., concur.

KINTZINGER, J., takes no part.