**HENSON CREEK DEVELOPMENT COR-
PORATION, Inc., a corporation,
Plaintiff,**

v.

**William E. RICHARDS, Nicholas N.
Kittrie, and Beau Bogan, Inc.,
a corporation, Defendants.**

**Civ. A. No. 948-66.**

United States District Court
District of Columbia.

Feb. 25, 1969.

John E. Vanderstar, Washington, D. C., for plaintiff.

Kurt Berlin, Washington, D. C., for defendants Richards & Kittrie.

Matthew A. Kane, Washington, D. C., for defendant Beau Bogan, Inc.

## MEMORANDUM AND ORDER

KEECH, District Judge.

This matter is now before the court on motions for directed verdict made by the respective defendants and like motion made by plaintiff, after both sides had rested. These motions were fully argued, whereupon it was stipulated by the parties that the case had reached a point where its determination was purely a matter of law to be resolved by the court, there being no genuine issue of fact. Accordingly, upon specific stipulation of all counsel, the jury was discharged. Further arguments were then made by counsel to the extent deemed appropriate.

The matter grows out of a contract[1] for the sale of property known as 1600 Water Street, S.E., Washington, D. C. The contract price for the land was $230,000. There were outstanding first and second trusts to be assumed by plaintiff. Without notice (except constructive) the record holder of the property paid $7,500 on the first trust. Plaintiff had agreed to assume the two trusts for the stated amounts. A rearrangement was therefore necessary. There is, and could be, no contention that the contract price should be reduced to this extent, which would provide a windfall for the plaintiff. The question presented is how this sum should be treated. If the contract was to remain in full force and effect and plaintiff be required to go forward, this had to be done in a manner which would not materially alter the contract terms. There was a proposal by defendants that the third trust be increased by the said sum. The plaintiff, making no counter-suggestion, refused to settle, claiming a material departure from the terms of the contract.

Plaintiff corporation, which seeks to recover a $10,000 deposit made in connection with the contract of sale, contends defendants were not able to settle in accordance with the terms of the written agreement between the parties. It is plaintiff's contention that the increase of the third trust to $57,500 (such increase having been necessitated by a reduction of the $75,000 first trust through payment of the said $7,500 thereof by the record holder of the property) constituted a material variance. Plaintiff's claimed variance is dual: (1) Plaintiff's payments on the third trust

1. Of February 29, 1964.

would have to be increased, and (2) the addition of the $7,500 to the third trust figure of $50,000 would give the defendants the right to require plaintiff to set aside additional assets to satisfy the third trust holders. Plaintiff concedes that the increase in periodic payments would be minimal, and therefore would not constitute a material departure. However, plaintiff claims that the right of the defendants to require additional security to satisfy the third trust holders (by virtue of the increase in the third trust by $7,500) is a material departure. Accordingly, plaintiff contends that the defendants were not ready, willing and able to go forward with the settlement on the basis of the terms of the written contract at the appointed time, and that therefore it is entitled to return of its deposit in the amount of $10,000, which was declared forfeited.

On the other hand, it is the contention of the defendants that as a result of plaintiff's default the latter's deposit was forfeited pursuant to contract, and further, that defendants were ready, willing and able to go forward under the terms of the contract at the time of settlement, as the variations, when properly viewed under the law and facts, did not constitute a material departure from such terms. As to the increase in payments, plaintiff, as noted above, concedes this change to be minimal. As to plaintiff's other claimed variance, defendants deny that as a consequence of the payment on the first trust and the adding of that amount to the third trust defendants could, under the terms of the contract, require additional assets to be set aside. Defendants therefore claim that on unchallenged evidence in the case and the applicable law their motion for directed verdict should be granted in that the plaintiff, without justification, refused to go forward with the settlement, whereas defendants were ready, willing and able to go forward under the terms of the contract, without material variance.[2]

In resolving the matter, three questions are presented: (1) Would the contract as a matter of law permit the requirement of additional assets to satisfy third trust holders? (2) Was such a demand made as a condition precedent to settlement? (3) If permitted as a matter of law and if defendants did so demand, was the plaintiff, as a result of its refusal to settle on such basis, under duty to come forward with counter-proposal as to method of absorbing the $7,500 in question?

As to the first question: The court holds that the defendants could not require plaintiff to set aside assets sufficient to satisfy them as to the $7,500, hence no material change occurred by the mere placing of that sum in the third trust. Defendants concede that the contract would not permit the setting aside of additional funds.

Plaintiff's refusal to settle[3] was therefore without justification in fact or law. As the defendants were ready, willing and able to settle under the contract (without material alteration), the refusal of plaintiff to proceed to settlement constituted a breach of the contract by plaintiff and warranted forfeiture of deposit, and its claim for return of deposit is not proper.

Part, at least, of plaintiff's argument was addressed to the fact that a provision of the type under consideration, if literally construed, would be foolish.

2. Defendants contend that plaintiff's refusal to go forward with settlement was not because of a departure from contract but because of financial inability to do so, or lack of desire after ascertaining that the defendant contract owners had acquired right to property at a lower figure and that failure of plaintiff to settle could cause defendants to default. This is not material, for the evidence is unchallenged that plaintiff's representative refused (on the basis of the alleged departures cited hereinbefore and which in fact and law were not valid reasons) to go forward.

3. The plaintiff was *not* willing to go forward at settlement date, and further, was *not* ready and able to do so in conformity with the terms of the contract.

This complaint was not limited to the suggested additive of $7,500; it applied also to the original figure of $50,000. This provision was required by the defendants, was set out in a conspicuous place in the document, and was executed by plaintiff's representative. All parties to the contract were *sui juris*. Provisions of similar purport under similar circumstances have been sustained as legal to the extent of making "satisfaction" subject to the judgment of only one party to the contract except where not exercised in good faith or where exercised fraudulently.

■■ The law in this jurisdiction is that where all of the parties are *sui juris*[4] and there is no fraud or bad faith a provision of the contract of the type here involved, namely, "purchasing corporation will set aside sufficient assets to satisfy third trust holders.", is legal and enforceable to the extent required by the party—in this case to the extent of $50,000. The contract here involved is not ambiguous. The construction of a plain contract is for the court. Tow v. Miners Mem. Hosp. Ass'n, Inc., 4 Cir., 305 F.2d 73, 76. There is no claim of, or evidence of, fraud or bad faith. The sole basis for challenging the provision is therefore that it is *per se* illegal—without regard to bad faith or fraud. This is not the law in the District of Columbia.

Furthermore, as to questions 2 and 3 it is to be remembered that there is no definite evidence that defendants sought to require plaintiff to set aside assets in excess of the $50,000, nor as to what part of the $50,000 was to be required by them, nor any showing that the plaintiff attempted to settle on terms that it deemed reasonable.[5] But even assuming that it would be to the limit, namely, $50,000, without showing of bad faith or fraud, under the law and the facts here this would be legal and enforceable.

■ To require assets even to the full amount of $50,000 to protect defendants as third trust holders (with large first and second trusts) in the type of deal made between plaintiff and defendants, involving speculation in real estate, would not without more be proof of bad faith or fraud. It is common knowledge that an investment secured by third trust is risky business. Likewise it is a matter of common knowledge that with the tight money market, and hazards incident to financing and refinancing speculative real estate deals of the magnitude and type here involved, such a deal is a mighty hazardous undertaking —not infrequently resulting in a "freezeout". The provision in the contract shows merely an intent to fortify the third trust holders as to a surely speculative venture, particularly when preceded by first and second trusts of the size here involved. This is especially true where the purchaser is a corporation subject to dissolution (in fact did dissolve), and with no personal commitment by officer or director with established credit. It was clearly the intention of the defendants, agreed to by plaintiff's agent, that as a condition precedent to the entry by defendants into the contract the plaintiff purchasing corporation was to set aside assets sufficient to satisfy the third trust holders.

In this jurisdiction the case of Rondinella v. Southern R. Co., 33 App.D.C. 65, 78, 79, is particularly applicable. There the court said: "We are not concerned with the wisdom or folly of the plaintiff in making such a contract." See ARD Dr. Pepper Bottling Co. v. Dr. Pepper Co., 5 Cir., 202 F.2d 372, 376–377. It further went on to say, under circumstances similar to those here involved,

---

4. Here the plaintiff's representative was learned in the law and with experience of fifteen years in real estate matters of the type here involved, and defendants were likewise experienced in the real estate business; hence neither party was susceptible to overreaching.

5. See also, page 7.

that no question was presented for resolution by the jury. In the case of Bayer v. Cornell Co., 47 App.D.C. 146, 149, 150, the *Rondinella* case is followed.

In the case of Lanier v. N.Y. Life Ins. Co., 5 Cir., 88 F.2d 196 (cert. denied), the Circuit Court said: "but one who contracts that he shall be satisfied touching a matter of opinion or judgment is entitled to satisfaction." (citing Shepherd v. Union Central Life Ins. Co., 5 Cir., 74 F.2d 180, and authorities there cited). See also, Devoine Co. v. International Co., 151 Md. 690, 136 A. 37; ARD Dr. Pepper Bottling Co. v. Dr. Pepper Co., supra.

In the case of Tow v. Miners Mem. Hosp. Ass'n, Inc., 305 F.2d 73, 76, the United States Court of Appeals, Fourth Circuit, cites with approval the opinion of the Court of Appeals of New York in Brainard v. N.Y.C. R.R. Co., 242 N.Y. 125, 151 N.E. 152, 45 A.L.R. 751, relating to contract construction:

"* * * The construction of a plain contract is for the court. The intention of the parties is found in the language used to express such intention. (Citing case.) If the court finds as matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract."

In Hansbrough v. Peck, 5 Wall. 497, 507, 18 L.Ed. 520, the Supreme Court said:

"And no rule in respect to the contract is better settled than this: That the party who has advanced money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfil all his stipulations according to the contract, will not be permitted to recover back what has thus been advanced or done. * * *"

In Wynkoop v. Shoemaker, 37 App.D. C. 258, 266, it was said:

"Failure on the part of the plaintiff to prove compliance, or tender of compliance, with his part of the contract, was fatal to his right to recover the deposit."

Thus, the defendants being without legal right under the contract to require assets sufficient to satisfy them as to the additional $7,500, no justification existed for plaintiff's failure to settle on this score.

In addition, the record is not clear that defendants demanded the setting aside of sufficient assets to cover even the original amount of the third trust of $50,000. Assuming such demand, under the law of this jurisdiction this would be the legal right of defendants under the contract, absent bad faith or fraud. Test of good faith must be real and not feigned, and not mere device to avoid liability.

The record is completely silent as to bad faith or fraud on the part of defendants. To the contrary it reveals clearly the absolute need of defendants to settle with the plaintiff. Defendants as contract owners were under obligation to title owner to settle with him on the same date as the one set for plaintiff. Defendants demonstrated their willingness by being present on the date specified and ready to go forward, and even attempted another date for settlement in their desire to consummate the deal. The plaintiff was not present on the latter date, and as previously set out herein was not ready, willing and able to settle on June 29, 1964, the original settlement date, under the terms of the contract.

■ It follows under the facts of record, the contract, and applicable law in this jurisdiction (even assuming that the phrase "to the satisfaction of third trust holders" is not absolute but subject to test of good faith and absence of

fraud) that plaintiff's refusal to settle was of its own making and not attributable to any material departure from the contract by the defendants and that therefore the defendants were legally justified in declaring forfeiture of deposit and that the plaintiff is not entitled to return of the forfeited deposit. Defendants' respective motions for directed verdict made at the conclusion of the entire case are therefore granted. Plaintiff's motion for directed verdict made at the same time is denied.